## CIRCUIT COURT OF ROCKINGHAM COUNTY

Sara J. Brant,
Administrator of
the Estate of
Bennie J. Brant

v.

Jerry E. Rhinehart, II,
and Jerry Edward Rhinehart

November 14, 1997

Case No. (Law) 10611

BY JUDGE JOHN J. MCGRATH

This case is before the Court upon the Plaintiff's Motion to Set Aside the Verdict rendered in Plaintiff's favor as being contrary to the law and weight of the evidence.

### I. *Background Facts*

The facts in this case are relatively simple. The Plaintiff is the widow and Administrator of the estate of Bennie J. Brant. Mr. Brant was working on a road construction crew on May 17, 1994, when a 53,000 pound dump truck backed into him, knocked him to the ground, and dragged him for some distance below the frame of the truck before being stopped by onlookers. Miraculously, the decedent suffered only minor cuts, abrasions, bruises, and scrapes and complained of soreness to his right shoulder as a result of the accident. Although Mr. Brant complained of soreness in his shoulder, he returned to work approximately three weeks after the accident. However, in spite of a series of injections to and physical therapy for his right shoulder, the condition of the shoulder deteriorated and needed to be operated on in August

of 1996. Mr. Brant died in October of 1996, for reasons unrelated to the accident and injuries in question.

This case was tried before a jury for two days on June 3 and June 4, 1997. At trial, the Plaintiff put into evidence medical expenses relating to the injury and to the operation on Mr. Brant's shoulder which totaled $9,839.02. The Plaintiff also put in evidence establishing his lost wages at $1,999.17. Thus, the Plaintiff's special damages for which she put evidence in at trial amounted to $11,838.19. The issue of liability was hotly contested, and a contributory negligence instruction was given. After the evidence was concluded and the jury was instructed, the jury retired for approximately two hours and twenty minutes of deliberations and thereafter returned a verdict in favor of the Plaintiff in the amount of $4,000.00.

The basis of the Plaintiff's Motion to Set Aside the Verdict is that it is contrary to the weight of the evidence because the $4,400.00 verdict clearly does not cover the special damages which the Plaintiff proved, to mention nothing of any compensation for pain and suffering suffered by the decedent.

Defendants assert that the verdict is perfectly appropriate and proper and should not be set aside. The reasons advanced by the Defendants for this position is that they believe they had successfully contested at trial the issue of whether all of the medical bills and all of the lost wages suffered by Mr. Brant were attributable to the injuries he received as a result of being hit and dragged by the dump truck on May 17, 1994. The thrust of the Defendants' argument is that they produced evidence at trial showing that on or about May 15, 1994 (two days before this accident), Mr. Brant had been involved in an "accident" on his motorcycle.

Although defense counsel very artfully and skillfully examined the various physicians who testified on the possibilities of a motorcycle accident causing the injury to Mr. Brant's right shoulder which eventually necessitated his surgery in 1996, there really were only three witnesses to this accident. All of these witnesses testified by either deposition or live at the trial.

First, Sara Brant, the wife of the decedent, was standing in her carport window when she saw her husband moving his motorcycle around in their driveway at an extremely low rate of speed for the purpose of putting it into his carport when he fell over to his right side. Her testimony was that her husband barely hit the ground, scraped his right forearm and elbow, and stood up immediately without the motorcycle ever going completely to the ground. Her testimony was that she and another witness and her husband proceeded to laugh about his clumsy maneuver and that he made no complaints of any injury at the time.

The other eyewitness to the injury, in addition to the decedent, was Mr. Joseph Wheeler, who was a co-worker and a neighbor of the decedent. Mr. Wheeler testified that he was in Mr. Brant's driveway on May 15, 1994, when the decedent, who he estimated was doing approximately one mile per hour on his motorcycle while making a U-turn in his driveway slipped and fell over with his motorcycle. Mr. Wheeler's description of the motorcycle accident indicated that the fall was from virtually a standing position, and there was no appearance or that Mr. Brant did not appear to be injured nor did he complain of any serious injury because of this accident.

In his deposition testimony, Mr. Brant was never directly asked about the motorcycle accident but was simply asked whether he had had any injuries to his shoulder prior to the accident in question on May 17, 1994. Mr. Brant's response was that he had no injuries to his right shoulder prior to the truck accident on May 17, 1994. In fact, Mr. Brant's testimony, which was entered into the record by his deposition, which was taken before his untimely death, was quite clear on the point:

Q. And prior to the accident in this case, which was May 17, 1994, had you ever had any injuries to or problems with your right shoulder?

A. No.

Q. Never, to the best of your knowledge, reported to a doctor that you had any problems with your right shoulder before this accident; is that right?

A. No.

Q. And is it true that you also — strike that. We'll try and ask it a little bit more clearly. Prior to this May 17, 1994, accident, had you ever had any problems with your right shoulder that you didn't go to a doctor about?

A. No.

Q. So basically, before this accident, you just had no problems with your right shoulder at all; is that correct?

A. Correct.

Q. And since the accident, have you had any other injuries to your right shoulder?

A. No.

In fact, the only "evidence" relating to the alleged injuries received by Mr. Brant as a result of his motorcycle mishap on May 15, 1994, was a note found in the medical records of Rockingham Memorial Hospital. In Dr. Wenger's

medical history notes made on May 17, 1994, the following sentence appears: "Patient states he wreck [sic] his motorcycle two days ago, has soreness in right hip and elbow from that accident." That is the sum total of the medical evidence relating to the motorcycle accident that the plaintiff suffered on May 15, 1994. Working with this rather slender evidentiary basis, defense counsel skillfully and apparently successfully was able to pose hypothetical questions to the various physicians who testified asking them to assume various degrees of severity of the motorcycle accident and its repercussions upon the decedent's right elbow and hypothesizes as to whether that type of injury could have been the cause of the bursitis in his right shoulder, which required surgery in 1996. Although all of the physicians continued in their basic medical opinion that the injuries to Mr. Brant's shoulder arose out of the dump truck accident of May 17, 1994, none of them could absolutely rule out the motorcycle "accident" as a contributing cause to these injuries.

## II. *Legal Standards To Be Applied*

The Plaintiff bases her Motion to Set Aside the Verdict on the grounds that the award of $4,000.00 in damages is grossly inadequate as a matter of law. The Plaintiff presumably relies upon a long line of cases in which the Supreme Court has held that under certain circumstances, a jury verdict award that is equal to or less than the proven specials is inadequate as a matter of law. *See, e.g., Glass v. David Pender Grocery Co.,* 174 Va. 196 (1939) (verdict for $3,000.00 inadequate as a matter of law when medical expenses to date were already $930.00 and anticipated medical expenses were $1,000.00 and there was extensive pain and suffering); *Rome v. Kelly-Springfield Tire Co.,* 217 Va. 943 (1977) (verdict of $79,918.52 which equaled exactly the plaintiff's medical bills and lost wages was inadequate as a matter of law); *DeWald v. King,* 233 Va. 140 (1987) (verdict less than specials is inadequate as a matter of law); and *Bradner v. Mitchell,* 234 Va. 483 (1987) (verdict only $42.00 above uncontested specials is inadequate as a matter of law).

The Defendant counters that the above line of cases are clearly distinguishable from the line of cases in which jury verdicts which are only equal to or even less than special damages have been upheld by the courts as being adequate. *See, e.g., Brown v. Huddleston,* 213 Va. 146 (1972) (verdict for less than specials is adequate as a matter of law); *May v. Leach,* 220 Va. 472 (1979) (verdict equal to the specials is adequate as a matter of law); and *Doe v. West,* 222 Va. 440 (1981) (verdict equal to specials is adequate as a matter of law). The Defendant distinguishes the above two lines of cases as was done by the Supreme Court in *Bradner v. Mitchell,* 234 Va. 483 (1987):

The distinction between *Glass, Rome,* and *DeWald,* on one hand and *Brown, May,* and *Doe,* on the other hand lies in the differing quality of the plaintiff's evidence of special damages. Where the evidence is uncontroverted and so complete that no rational factfinder could disregard it (as it was in *Glass, Rome,* and *DeWald*), it must be considered as a fixed constituent part of the verdict.

The Defendants assert that in this case not only had they hotly contested the issue of liability but they had contested the issue of the amount of special damages attributable to the truck accident. In short, the Defendants' position is that they have, through cross-examination, raised a question of whether the shoulder injury, which ultimately resulted in the surgery and which was a large constituent part of the approximately $9,000.00 in medical bills, was causally related to the truck accident. The Defendants' view is that since they have raised the "issue" of the motorcycle accident as being a causative factor in the shoulder injury, it was permissible for the jury to disregard that element of damages.

The distinction made by the Defendants is somewhat in doubt in light of the Supreme Court's recent opinion in *Bowers v. Sprouse,* 254 Va. 428 (1997). In this recent case, the Supreme Court dealt with this long line of cases. Addressing the question of whether a verdict in a personal injury automobile case of $2,479.85, which was the exact amount of the plaintiff's proven special damages, was adequate as a matter of law, the Supreme Court, after reviewing the line of cases set forth above, reached a conclusion which appears to extend the holdings in the *Rome v. Kelly-Springfield Tire Co.,* 217 Va. 943 (1977); *Glass v. David Pender Grocery Co.,* 174 Va. 196 (1939); *DeWald v. King,* 233 Va. 140 (1987); and to somewhat undermine the distinction set forth in *Bradner v. Mitchell,* 234 Va. 483 (1987). In *Bowers v. Sprouse,* the Supreme Court decided as follows:

> We are of the opinion that the jury's verdict for the exact amount of the plaintiff's medical and special damages is inadequate as a matter of law. The jury's verdict for the exact amount of the plaintiff's medical expenses and special damages indicates that although the jury found the plaintiff was injured and had incurred special damages, the jury, for whatever reason, failed to compensate her for any other items of damage. Certainly, at a minimum, this plaintiff experienced pain, suffering, and inconvenience as a result of the defendant's negligence and was entitled to compensation for these elements of damage.

Therefore, we hold that jury award in a personal injury action which compensates a plaintiff for the exact amount of the plaintiff's medical expenses and other special damages *is inadequate as a matter of law, irrespective of whether those damages were controverted.* [Emphasis added.]

In this case, the Plaintiff's claims for special damages were not really "controverted" in that the entire question of prior injury to the plaintiff's right shoulder was mere guesswork and speculation. There was no *evidence* of any injury to the Defendant's right shoulder as a result of the motorcycle incident of May 15, 1994; there was only conjecture. The verdict, therefore, was contrary to the weight of the evidence, and this Court concludes that the verdict of $4,000.00 in damages is, as a matter of law, inadequate and must be set aside.

This leads to the second question of whether there should be a new trial only on the issue of damages or whether both the issues of damages and liability should be submitted to a new jury. In this case, the issue of liability was seriously and hotly contested. Although the jury apparently decided that the Plaintiff was not contributorily negligent and that the Defendant was negligent, the jury may well have attempted to reconcile certain doubts it had concerning these issues by a compromise verdict. This Court finds particularly instructive in this regard the holdings of the Supreme Court in *Rawle v. McIlhenny*, 163 Va. 735 (1934); and *Rome v. Kelly-Springfield Tire Co.*, 217 Va. 943 (1977). The following statement appearing in the Supreme Court's decision in *Rome v. Kelly-Springfield Tire Co., supra*, is, this Court believes, clearly applicable to this case:

Having found the plaintiff entitled to a new trial, we must now confront the question whether there should be a new trial on all issues or on the issue of damages only. Where the question of the amount of damages is not distinctly separable from the matters involved in the issue of liability, or the evidence with reference to liability has probably exerted a material influence upon the jury in determining the amount of the verdict, or the evidence warrants the inference that, instead of deciding the question of liability, the jury has arbitrarily determined to make both parties bear a part of the burden of the injury, the verdict should be set aside and a new trial granted on all issues. *Id.* at 948.

Therefore, it is the Order of this Court that the verdict returned by the jury on June 4, 1997, is hereby set aside, and the case is to be set for retrial on both the issues of liability and damages. Either counsel may praecipe the case for the purposes of setting a new trial date.

The Clerk is directed to send attested copies of this order to Benita Altizer, Esq., counsel for Plaintiff, and to Mark D. Obenshain, Esq., counsel for Defendants.