## CIRCUIT COURT OF ROCKINGHAM COUNTY

Sharon Jean Phares

    v.

Glendon Ray Fahrney

October 16, 1998

Case No. (Law) 10762

BY JUDGE JOHN J. MCGRATH, JR.

This case is a personal injury action arising out of an automobile accident that happened on November 2, 1994, on Route 33 in Rockingham County, Virginia. The plaintiff, a fifty-year-old, full-time farmer and part-time school cafeteria cook who resides in West Virginia, was proceeding in an easterly direction on Route 33. At that time, the defendant, who was going to work for his normal shift at the Wampler-Longacre plant in Hinton, Virginia, made a left-hand turn directly in front of the defendant resulting in a collision.

At the scene of the accident, the plaintiff was immobilized by medical technicians and transported on a backboard to the Rockingham Memorial Hospital. Upon admission to the hospital, she was complaining of pain in her chest, stiffness in her neck, and pain in her lower back.

After a series of multiple x-rays and a sonogram, the plaintiff was released from Rockingham Memorial Hospital Emergency Room with a diagnosis of "acute contusions and strains secondary to a motor vehicle accident." She was instructed to rest, to apply ice to the sore areas, and to take Tylenol for pain. The plaintiff testified without contradiction that after the accident, she was quite sore and in constant pain. She took it upon herself to contact an orthopedic surgeon in Harrisonburg, Virginia, named Dr. Frederick Fox, who is a Board-certified orthopedic surgeon and who has admitting privileges at Rockingham Memorial Hospital. She first met with Dr. Fox on December 16, 1994. Since that time, she has seen him for approximately fifteen to twenty follow-up visits.

On the first visit, Dr. Fox diagnosed a fracture in her left rib which had not been previously diagnosed during her hospital admission. Dr. Fox said in his course of treatment the patient gradually improved and reached a steady level which has remained constant since approximately 1996. Dr. Fox testified without contradiction that as a result of the automobile accident, plaintiff had suffered neck strain which was sometimes referred to as a radiculopathy (a pain going out of or radiating from the neck) and that she had a fracture of her rib and that she had injuries to her lumbar spine in the form of a strain. Gradually over time, the rib fracture healed, and she has not had any continuing difficulties with her chest cavity, but she has had, according to Dr. Fox, continuing problems with her neck and lower spine. Dr. Fox also diagnosed her as suffering from fibromyalgia as a result of the accident. Over the course of his treatment, Dr. Fox has prescribed and continues to prescribe for the plaintiff a combination of muscle relaxants, anti-inflammatory medicines, and also analgesics for pain relief.

Applying the AMA guides for evaluation of permanent impairment, Dr. Fox rated her having a ten percent whole person impairment as a result of the accident, and he testified that this impairment is permanent in nature. Dr. Fox further testified that he believed that she would incur $1,500.00 to $2,000.00 in future medical expenses over the next eighteen months between follow-up visits to his office and additional prescription medications.

Based on the history provided, Dr. Fox also related all of these injuries, including the ten percent whole person permanent impairment, to the automobile accident of November 2, 1994.

The plaintiff also offered extensive testimony that she basically ran a small family farm on her own and that after the accident because of the pain she had suffered and the restrictions upon her movement, she had had to cut back on the type of work she was doing and had to have family members to assist her in the normal tasks that she had previously performed on her own. During the testimony, it also became clear that the plaintiff's husband is totally disabled, and although he does some of these farm chores, his accompanying her is for the purpose of her keeping an eye on him because of his medical condition. It is undisputed that he does not do any of the substantial labor involved on the farm.

The plaintiff also called two of her children who testified at some length as to the restrictions that their mother has suffered because of the accident, and they testified also about the pain that they have observed her in when working around the farm and the house.

The defendant did not offer any evidence other than the testimony of the defendant himself who simply testified that he does not know what happened

but that he made a turn into the path of the plaintiff's oncoming vehicle and that the accident was his fault. There was no contest on the issue of liability, and the defendant did testify that after the accident, he had called the plaintiff and apologized to her for any inconvenience that he might have caused her.

The special damages proven and which were not actually contested by the defendant included past medical bills of $5,771.01. The unrebutted testimony of Dr. Fox was that her future medical expense would run anywhere from $1,500.00 to $2,000.00 for the next eighteen months. Therefore, accepting the most conservative estimate of Dr. Fox, the past and future medical expenses incurred by the plaintiff as a result of this accident totaled $7,271.01.

After approximately forty-five minutes of deliberation, the jury returned a verdict in favor of the plaintiff in the amount of $8,000.00. As can be seen from the evidence set forth above, this was $728.99 above and beyond the actual special damages that she had proven.

Not surprisingly, the plaintiff has moved to set aside the verdict as being contrary to the law and evidence in the case. The test to be applied to determine whether or not the verdict can stand or whether it must be considered as a matter of law to be contrary to the weight of the evidence is set forth in a line of cases which are now well established. Generally speaking, a verdict for precisely the amount of the special proven damages and with no compensation whatsoever for loss of earning capacity (if any were proven) or pain or suffering or other compensable items of damages has been held as a matter of law to be inadequate. See *Bowers v. Sprouse*, 254 Va. 428 (1997); *Toombs v. Hayes*, 256 Va. 193 (1998). See also opinion of this Court in *Brant v. Rhinehart*, 43 Va. Cir. 565 (1997), and the cases collected and cited therein.

There is little precedent in the Commonwealth dealing with the situation in which a jury returns a verdict that is for *slightly* more than the actual special damages. The Supreme Court's opinion in *Glass v. David Pender Grocery Co.*, 174 Va. 196 (1939), however, still stands as good law. Each case, even when the damages are above the specials must be evaluated by the Court in light of the unique circumstances and facts set forth in that case to determine whether or not the damages are inadequate as a matter of law. As the Supreme Court stated in the *Glass* case:

> Each case must be considered on its own merits and in view of the particular facts of that case. If the amount of the verdict returned bears no reasonable relationship to the damages suggested by the facts in the case and is manifestly out of line and at variance with the facts, courts must exercise control in the interest of fairness and justice.

214

As difficult or impossible as it may be to fix any standard by which to measure in dollars and cents the value of physical pain and suffering, it is not so difficult to perceive a misconception of value where the amount awarded is grossly and manifestly out of line with the nature and extent of the injuries.

*Id.* at 201-202.

In viewing the record in this case, the undisputed evidence is that as a result of the automobile accident, the plaintiff suffered a fair degree of pain and suffering in the nature of a stiff neck, a sore back, and a fractured rib which took a considerable period of time to heal. Moreover, the testimony of her treating physician, which was unrebutted by any other evidence, was that she has suffered a permanent ten percent whole body impairment and has suffered continuing pain as a result of this automobile accident over the last four years.

Under the circumstances of this case and the fact that the plaintiff was essentially a full-time farmer who operated at physical labor and in light of the pain and suffering that the undisputed evidence substantiates and the fact of the whole body impairment, this Court finds the verdict to be wholly inadequate as a matter of law. Therefore, the jury's verdict is set aside, and the case will be scheduled for retrial on the issues of damages only.

The Clerk of the Court is directed to send copies of this Opinion and Order to the plaintiff's counsel, William W. Helsley, Esq., and to the defendant's counsel, John P. Cattano, Esq.